IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| DEBORAH MERRITT, | CIVIL NO. 6:07-CV-00027 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| OLD DOMINION FREIGHT LINE, INC., | |
| Defendant. | JUDGE NORMAN K. MOON |

This matter is before the Court on the Plaintiff's Motion to Deny Defendant's Bill of Costs (docket no. 50). The Court granted summary judgment for the Defendant on April 9, 2009, and the Defendant filed a Bill of Costs in the amount of $5,307.66 on April 23, 2009. Pursuant to Federal Rule of Civil Procedure 54(d)(1), the Clerk of the Court taxed those costs to the Plaintiff on April 27, 2009. The Plaintiff now moves to reverse the taxing of costs, on the ground that the Plaintiff is unable pay them.

Rule 54 creates a "presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). However, district courts have discretion to deny costs "when there would be an element of injustice in a presumptive cost award." *Id.* In order to obtain relief from costs awarded under Rule 54, the losing party must have brought its claim in good faith. *Id.* In addition, a court should consider several factors, including: (1) misconduct by the prevailing party; (2) the losing party's inability to pay; (3) the excessiveness of the costs; (4) the limited value of the prevailing party's victory; and (5) the closeness and difficulty of the issues decided. *Id.*

Examining these factors in this case, it is clear that the Plaintiff pursued her claim in good faith, and that there has been no misconduct by the Defendant. The Plaintiff does not argue that the costs claimed by the Defendant are excessive, or that the Defendant's victory was of limited value. However, the Plaintiff has presented substantial evidence of her inability to pay the costs claimed by the Defendant. In an affidavit, the Plaintiff explained that she earns about $8,000 per year through work cleaning houses. Her only assets are her mobile home and the land that it sits on. She still owes some money on the mobile home, and her land is now encumbered with a lien that secures a debt she owes to her mother for money used to pay her own legal fees in this case. The Plaintiff also has significant credit card debt (over $20,000 in outstanding balances on various cards), and she is unable to make ends meet on her limited income. The Plaintiff testified that she has had to sell almost everything she owns, including her household furniture, in order to live.

The Plaintiff testified that, despite making an effort to find another job, she has been unable to obtain more lucrative employment as a truck driver or in any other field. The Plaintiff stated that she has been turned down for several trucking jobs without explanation, but that one prospective employer told her directly that they were not able to hire her because of the negative reference they received from Old Dominion. The Plaintiff testified that she has also looked for retail or service jobs, but has been unable to obtain one due to the poor economy and her lack of retail experience. As a result, the Plaintiff does not believe that she has any prospects for better employment in the future. Given these circumstances, I find that that the Plaintiff does not have the ability to pay Defendant's costs now, nor will she in the future.

Finally, while I remain convinced that it was the correct decision to grant the Defendant's summary judgment motion, it was not an easy one. This was a very close case. Accordingly, I

find that the balance of the factors in this case weighs in favor of granting the relief requested by the Plaintiff. *See, e.g., Crusenberry v. Boddie-Noell Enterprises, Inc.*, 2001 WL 418737 (W.D.Va. 2001) (denying costs on the basis of the plaintiff's inability to pay); *Comer v. Pilgrim's Pride Corp.*, 2007 U.S. Dist. LEXIS 55425, at *3 (W.D.Va. July 30, 2007) (denying costs where the plaintiff was unable to pay due to the accident that was the subject of litigation, and because the case was a close one). An appropriate order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

ENTERED: This 15th Day of May, 2009.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE