CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

NOV 10 2010

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| DEBORAH MERRITT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:07cv027 |
| | ) | |
| OLD DOMINION FREIGHT LINE, INC., | ) By: | Hon. Michael F. Urbanski |
| | ) | United States Magistrate Judge |
| Defendant | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant Old Dominion Freight Line, Inc.'s ("Old Dominion") Motion to Amend Pretrial Order with Respect to Filing of Motions Related to Plaintiff's Expert Witness (Docket # 72). In this motion, Old Dominion asks the court to set a December 17, 2010 cutoff for filing motions in limine and supporting briefs regarding the sufficiency and reliability of expert witness testimony. Plaintiff Deborah Merritt ("Merritt") opposes this motion, arguing that Old Dominion waived its ability to file a Daubert motion when it failed to do so at the time it filed its summary judgment motion on February 27, 2009. A hearing on this issue was held on October 29, 2010.

I.

Merritt filed this Title VII gender discrimination case on August 27, 2007, alleging that Old Dominion fired her due to a discriminatory belief that women were incapable of performing the duties of a truck driver. In its defense, Old Dominion claimed that it discharged Merritt because she had failed a physical ability test ("PAT") following an ankle injury. On October 24, 2007, the court issued a Pretrial Order, which set a cutoff date for filing Daubert motions as of

the date for filing summary judgment motions.[1] After several extensions and continuances, the deadline for filing summary judgment motions was set for February 27, 2009, and Old Dominion filed a summary judgment motion on that date. At the time, Old Dominion did not file a separate Daubert motion seeking to exclude the testimony of Merritt's trucking industry expert, Michael K. Napier, although Old Dominion's reply brief in support of its motion for summary judgment argued that Napier's expert testimony was unreliable because he lacked experience with PATs.

On April 9, 2009, the district court granted Old Dominion's summary judgment motion, ruling that Merritt had produced insufficient evidence to demonstrate that Old Dominion's legitimate and non-discriminatory reason for her termination was a pretext for discrimination. One year later, on April 10, 2010, the Fourth Circuit reversed the grant of summary judgment regarding Merritt's disparate treatment claim, holding that Merritt presented an issue of triable fact. The Fourth Circuit noted that "Deborah Merritt's story is one of a certain grit and perseverance," Merritt v. Old Dominion Freight Line, Inc., 601 F.3d 289, 291 (4th Cir. 2010), and found that "Merritt has introduced ample evidence showing that Old Dominion's proffered explanation for the discharge -- Merritt's failure on the PAT -- was 'unworthy of credence.'" Id. at 295 (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981)). Second, the Fourth Circuit noted that "Old Dominion's proffered rationale is undermined by the undisputed fact that the PAT was a general, full-body physical fitness test not designed to test any body part in particular." Id. at 296. The Fourth Circuit referenced Napier in its opinion as follows: "According to an expert on trucking industry standards, Old Dominion's use of the PAT on Merritt was atypical, both because the PAT 'was not specific to [Merritt's] foot strain,' and

---

[1] Paragraph 16 of the Order reads: "Any motion to exclude the testimony of an expert based on the sufficiency or reliability of the expert's testimony must be filed no later than the deadline for filing motions for summary judgment." At the time, the deadline for filing dispositive motions was thirty (30) days before trial.

because he was 'unaware of a single instance where any motor carrier had either established a policy for or had tested injured employees on portions of their bodies which were not affected by an injury.'" Id. at 296.

The Fourth Circuit remanded this case for trial, and a new trial date of March 7, 2011 has been set. The parties agreed to a schedule for filing pretrial motions, and a Scheduling Order was entered on September 20, 2010. That Order provides for the filing of motions in limine and supporting briefs by December 17, 2010. Old Dominion seeks permission to file a Daubert motion as regards Merritt's expert Napier as of December 17, 2010. Merritt opposes this request, asserting that Old Dominion's failure to file such a motion when it filed its summary judgment motion on February 27, 2009 bars its ability to do so now. For its part, Old Dominion argues that the court intended in the original Pretrial Order to set the deadline for filing Daubert motions thirty (30) days prior to trial, and that deadline never changed. Since summary judgment was granted in 2009 before the parties reached the thirty (30) day prior to trial deadline, Old Dominion contends it has not waived its ability to file a Daubert motion at this stage of the litigation.

## II.

The Supreme Court held in Daubert v. Merrell Dow Pharmaceuticals, Inc. that Federal Rule of Evidence 702 imposes a special obligation on the trial judge to act as gatekeeper and "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. 579, 589 (1993). In response to the instant motion, Merritt asserts that Old Dominion is barred from filing a Daubert motion challenging the sufficiency and reliability of Napier's testimony. But the undersigned declines to interpret Merritt's position on this matter as a request for the court to abdicate its gatekeeping responsibility altogether. Nor would it be

proper to do so. Indeed, Daubert requires trial courts functioning in a gatekeeping capacity to scrutinize expert testimony to ensure that it "both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. at 597. Old Dominion's failure to meet the filing deadline does not eviscerate the court's gatekeeping obligations under Daubert. Even if the issue is not raised by way of a motion in limine prior to trial, the court must still address the relevance and reliability of Napier's testimony at trial.

The purpose of pretrial scheduling orders is to ensure that the case progresses to trial in an orderly fashion, allowing the parties sufficient time to conduct discovery and file pretrial motions, and giving the court sufficient time to address these motions prior to trial. In that regard, such orders are designed to facilitate, rather than to inhibit, the just resolution of disputes. Given the fact that the trial judge must conduct the Daubert inquiry at some point, the deadline Old Dominion seeks in no respect prejudices Merritt. Rather, by setting the deadline three months in advance of the trial, it gives the court an opportunity to maturely consider the issue in advance of trial, rather than while the jury is waiting.

Merritt asserts that the Fourth Circuit has considered Napier's opinion, and thus necessarily concluded that his expert testimony was admissible. Certainly, the Fourth Circuit referenced Napier's opinion. But it did not rule on the issue of whether Napier's testimony was relevant and reliable; that issue is to be decided by the trial judge.

Mindful of the court's gatekeeping obligation under Daubert, the undersigned believes that Old Dominion should be allowed to file a Daubert motion in this case if it so chooses. However, because Old Dominion plainly missed the deadline for filing such a motion back in 2009, some sanctions are appropriate. Considering the appropriate range of sanctions under Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503-06 (4th Cir. 1977), cert. denied, 434

U.S. 1020 (1978), and the need to deter parties from failing to comply with the timing requirements of pretrial orders, the court will award Merritt reasonable attorneys' fees and costs expended to respond to Old Dominion's <u>Daubert</u> motion.

Accordingly, Old Dominion's motion to amend the pretrial order to allow <u>Daubert</u> motions and supporting memoranda to be filed on or before December 17, 2010 is **GRANTED**. Should Old Dominion file a <u>Daubert</u> motion concerning Merritt's trucking industry expert Napier, Merritt will be awarded reasonable attorney's fees and costs expended to respond to that motion.

It is so **ORDERED**.

Entered: November 10, 2010.

/s/ Michael F. Urbanski

Michael F. Urbanski
United States Magistrate Judge